Carmine Fargnoli
vs    } Eq. No. 8086
Alesandro Catalozzi et al

RESCRIPT

March 31, 1927

TANNER, P. J. This is a bill in equity and is heard upon a demurrer which raises the question whether or not an attachment takes precedence over a prior unrecorded deed.

While it is true that there are decisions to the effect that such an attachment does not take precedence, we think that under the provisions of our recording statute it does take precedence. While ordinarily an attaching creditor is not a purchaser for value, we think that our recording statute gives him a standing as such as against a prior unrecorded deed. The statute says that such a deed is void except as to the parties and their heirs, those taking such property by gift or devise from the owner, or those having notice of such prior unrecorded deed. The very fact that so many exceptions are specified in the statute, some of which were prior to the present statute, incorporated in the statute by construction, leads us to think that the statute means just what it says and that the deed is therefore void as to attaching creditors without notice.

Earle vs. Fiske, 103 Mass. 491 at page 492;

D'Arcy vs. Mooshkin, 183 Mass. 382;

6 Corpus Juris, page 297, p. 558.

The demurrer is therefore overruled.

For Complainant: O'Shaunessey & Cannon.

For Respondents: W. C. H. Brand, Jos. Veneziale.

F. Neas
vs    } No. 66097
Luigi Rosa alias

RESCRIPT

March 31, 1927

SUMNER, J. The defendant has filed a motion to set aside a default and reinstate the case.

The facts are substantially as stated in the affidavit of P. S. Knauer, attorney for the plaintiff, that the case was reached shortly before 12 o'clock; that the defendant had been seen in the court house within a short time; that when the case was called defendant's attorney stated that he could not find his client and wanted to have the case passed; that the Court offered to impanel a jury and then continue the case until 2 o'clock for trial in order to give opportunity for the defendant to appear; that defendant's attorney declined the offer and said that the plaintiff could take default.

Mr. Knauer in his affidavit also says that attorney McCaughin informed him two days after the default that his client had told him. that he had been taken suddenly ill at the court house and gone home.

The defendant Rosa in his affidavit says that he was in the court house until about 11:30 a. m., that he then left the court house, understanding from his attorney that the case would not be reached until 2 p. m.

Mr. McCaughin, the defendant's attorney, has made no affidavit substantiating the claim of the defendant that he left the court house through a misunderstanding with his attorney as to the time of reaching the case, nor has he denied the statement of Mr. Knauer that he informed him that his client had said he had been taken suddenly ill in the court house and had gone home.

If the defendant did have a misunderstanding as to the time that the case was to be tried, it must have been based on some statement made to him by the attorney, and there is nothing on record to indicate that the attorney made any statement upon which such misunderstanding could be based, nor does it appear that the defendant came back to the court house at 2 o'clock prepared for trial.

Upon these facts the Court thinks that the motion to set aside the default should be denied.

For Plaintiff:  Knauer & Fowler.
For Defendant:  A. A. McCaughin.